JULIAN B. WOODRUM, DENNIS DORSEY, AND SHERMAN JOHNSON, PLAINTIFFS *v.* RAY MARSHALL, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, DEFENDANT

Before RE, *Chief Judge.*

Court No. 80–12–00105

(Dated September 11, 1981)

Upon motion by plaintiffs for an order, pursuant to Rule 56.1, directing that the above-entitled action be submitted for determination by a motion for review of the administrative determination upon the agency's record, defendant's response thereto, upon all papers and proceedings had therein, and upon due deliberation, it is hereby

ORDERED that plaintiffs' motion be granted; and that this action shall be submitted for determination as prescribed by Rule 56.1; and it is further

ORDERED that the motion papers and briefs submitted by the parties shall address the following issues:

(1) Whether the firm or an appropriate subdivision of that firm employing plaintiffs "produced" like or directly competitive articles within the meaning of Section 222(3) of the Trade Act of 1974, 19 U.S.C. § 2272(3);

(2) Whether the Secretary of Labor's determination denying plaintiffs' certification of eligibility for trade adjustment assistance pursuant to Section 223 of the Trade Act of 1974, 19 U.S.C. § 2273, violated plaintiffs' Constitutional guaranty of equal protection under the law in that the Secretary's determination resulted in dissimilar treatment of similarly situated workers without a rational or reasonable basis therefor;

---

(3) Whether increased importation of foreign automobiles "contributed importantly" to the total or partial separation of plaintiffs, and to an absolute decline in sales or production by the firm or its subdivision employing plaintiffs within the meaning of Section 222 of the Trade Act of 1974, 19 U.S.C. § 2272;

(4) Whether the Secretary of Labor, or his designee, has a duty, pursuant to Section 221(a) of the Trade Act of 1974, 19 U.S.C. §2271(a), to publish notice in the Federal Register that he has received a petition for certification of eligibility for trade adjustment assistance and has initiated an investigation, and whether the Secretary's failure to do so was arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law;

(5) Whether the Secretary of Labor, or his designee, has a duty pursuant to Section 221(a) of the Trade Act of 1974, 19 U.S.C. § 2271(a), to initiate an investigation into plaintiffs' petition for certification of eligibility for trade adjustment assistance, and whether the Secretary's failure to do so was arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law;

(6) Whether the Secretary of Labor, or his designee has a duty, pursuant to Section 223(c), of the Trade Act of 1974, 19 U.S.C. § 2273(c), to publish in the Federal Register a summary of his final determination of plaintiffs' petition together with his reasons for that determination, and whether the Secretary's failure to do so was arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law;

and it is further

ORDERED that plaintiffs' serve and file their brief no later than October 12, 1981; and it is further

ORDERED that defendant serve and file its response to plaintiffs' brief no later than November 12, 1981; and it is further

ORDERED that plaintiffs' serve and file their reply to defendant's response no later than November 23, 1981.